**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE A. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>　　　　　Defendant. | Civil Action No. 19-20642 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Bruce A. Williams's ("Plaintiff") appeal from the final decision of the Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), denying his request for benefits. (Compl., ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court remands the matter for further analysis.

### I.　　BACKGROUND

####　　A.　　Procedural History[1]

On May 26, 2017, Plaintiff filed an application for Social Security Disability Insurance, alleging an onset date of December 10, 2015. (AR 177–78.) Plaintiff's application was denied

---

[1] The Administrative Record ("AR") is located at ECF Nos. 7-1 through 7-15. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

initially and upon reconsideration. (*Id.* at 78–86, 88–97.) The Administrative Law Judge ("ALJ") conducted an administrative hearing on May 15, 2019, following which the ALJ issued a decision finding that Plaintiff was not disabled. (*Id.* at 21–32, 39–77.) On October 2, 2019, the Appeals Council denied Plaintiff's request for review. (*Id.* at 13–18.) On November 22, 2019, Plaintiff filed an appeal to the United States District Court for the District of New Jersey. (*See generally* Compl.) On February 28, 2020, the Court issued a Notice of Call for Dismissal (ECF No. 3), following which Plaintiff e-filed proof of service (ECF No. 4). Defendant filed the AR on April 24, 2020 (ECF No. 7), Plaintiff filed his moving brief on July 3, 2020 (Pl.'s Moving Br., ECF No. 11), the Commissioner filed opposition on September 14, 2020 (Def.'s Opp'n Br., ECF No. 14), and Plaintiff filed a reply on September 28, 2020 (Pl.'s Reply Br., ECF No. 15).

### B. The ALJ's Decision

On July 23, 2019, the ALJ rendered a decision. (AR 21–32.) The ALJ set forth the Social Security Administration's five-step sequential process for determining whether an individual is disabled. (*Id.* at 25–26.) The ALJ initially found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2021. (*Id.* at 26.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since his alleged onset date of December 10, 2015. (*Id.*) At step two, the ALJ found that Plaintiff had the severe impairment of "degenerative disc disease with radiculopathy." (*Id.*) The ALJ also found that Plaintiff had the non-severe impairments of hypertension, mitral and tricuspid regurgitation, and aortic insufficiency. (*Id.* at 27.) At step three, the ALJ determined that none of Plaintiff's impairments, or combination of impairments, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

The ALJ then found that Plaintiff possessed the residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 CFR 404.1567(a) except that he can never climb ropes, ladders or scaffolds; never be exposed to unprotected heights or hazardous machinery; and occasionally climb stairs and ramps. He can never crawl; occasionally kneel, stoop, and crouch; and frequently balance. He can sit for up to six hours in an eight-hour work day, with the option to stand or change position; and can stand and/or walk for two hours in an eight hour work day.

(*Id.*) At step four, the ALJ found Plaintiff "capable of performing past relevant work as a Billings Collection Representative . . . with a sedentary exertional level and SVP-4, making the work semi-skilled." (*Id.* at 31.) The ALJ also noted that "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's] [RFC]." (*Id.*) The ALJ, consequently, found that Plaintiff was not under a disability from the alleged onset date of December 10, 2015, through the date of the decision. (*Id.*)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner of the Social Security Administration, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000); *Daring v. Heckler*, 727 F.2d 64, 68 (3d Cir. 1984). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (internal citation omitted).

**B.     Establishing Disability**

In order to be eligible for disability benefits, a claimant must be unable to "engage in any [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from

4

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that he has not engaged in any SGA since the onset of his alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that he suffers from a "severe . . . impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(ii). The claimant bears the burden of establishing the first two requirements, and failure to satisfy either automatically results in a denial of benefits. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the first two steps are satisfied, the third step requires the claimant to provide evidence that his impairment is equal to one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(d). If the claimant demonstrates that he suffers from a listed impairment or that his severe impairment is equal to a listed impairment, he is presumed to be disabled and is automatically entitled to disability benefits. *Id.* If he cannot so demonstrate, the eligibility analysis proceeds to step four. *See* 20 C.F.R. 404.1520(e).

The fourth step of the analysis requires the ALJ to determine whether the claimant's RFC permits him to resume his previous employment. *Id.* If the claimant can perform his previous line of work, then he is not "disabled" and not entitled to disability benefits. 20 C.F.R. § 404.1520(f). The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). If the claimant is unable to return to his previous work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(g). At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that is consistent with his medical impairments, age, education, past work experience, and RFC. 20 C.F.R.

§ 404.1520(g); *Malloy*, 306 F. App'x at 763. If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. 20 C.F.R. § 404.1520(g).

## III.   DISCUSSION

Based on its review of the ALJ's decision and in light of the specific record in the present case, the Court finds good cause to remand the matter.

In reaching a decision, an ALJ must evaluate the evidence and explain why evidence has been rejected. *Cotter*, 642 F.2d at 704–05. Nevertheless, it is not necessary for the ALJ to "undertake an exhaustive discussion of all the evidence" where the court can determine "that there is substantial evidence supporting the Commissioner's decision[.]" *Hernandez v. Comm'r of Soc. Sec.*, 89 F. App'x 771, 773–74 (3d Cir. 2004). Here, the ALJ's finding at step four of the sequential evaluation process did not contain sufficient analysis for the Court to find that the ALJ's decision was supported by substantial evidence.

In his moving brief, Plaintiff argues that the ALJ failed to satisfy his burden at step five of the sequential analysis.[2] (Pl.'s Moving Br. 30–34.) Plaintiff argues that "the ALJ's RFC for sedentary work with the 'option to stand or change position' cannot be reconciled with the ALJ's 5th Step finding that Mr. Williams could return to his past relevant work as a billing collection representative[.]" (*Id.* at 31.) Plaintiff asserts that the ALJ did not define how often Plaintiff needed to change positions or whether he could change positions at will. (*Id.*) According to Plaintiff, the vocational expert ("VE") testified on cross-examination that an individual who would have to

---

[2] Plaintiff also argues that the ALJ failed to properly evaluate the opinion evidence and that the ALJ failed to conduct a proper subjective symptom analysis. (Pl.'s Moving Br. 21–30, 34–37.) As the Court remands on the ALJ's step four determination, it does not reach these arguments. Defendant, accordingly, should not infer from the fact that the Court has not specifically mentioned any particular aspects of the ALJ's decision that the unmentioned aspects of the decision have survived the Court's review. Upon remand, the ALJ should start his analysis at step one and work his way through the sequential factors.

6

change positions every thirty minutes would not be able to stay on task for Plaintiff's past relevant work. (*Id.*) Plaintiff further argues that "the ALJ's RFC[,] which does not clearly define the parameters around the need to change positions[,] calls into question whether the ALJ properly concluded that Mr. Williams could return to his past relevant work as a billing collections representative." (*Id.*)

Defendant asserts that Plaintiff's step five argument is a red herring because the ALJ decided the case at step four of the sequential evaluation process. (Def.'s Opp'n Br. 13.) Defendant argues that "the RFC assessment reasonably implies that Plaintiff had the option to stand or change position at will[,]" which "satisfied any articulation requirement." (*Id.* at 13–14.) Defendant further argues that "the ALJ obtained testimony from a VE that Plaintiff could perform his past relevant work, despite a limitation allowing Plaintiff the option to stand or change position. The ALJ's decision to obtain such testimony, and ultimate reliance on that testimony, was entirely consistent with the Social Security Rulings." (*Id.* at 14) (internal record citation omitted).

On reply, Plaintiff argues that:

> The cross examination of the VE revealed that an individual who would have to change positions every [thirty] minutes would be unable to stay on task for Mr. Williams' past relevant work. The ability to sit/stand at will that is implied in the ALJ's RFC could occur more frequently than the [thirty] minute interval that the VE identified would preclude the past work. . . . Therefore by adding the provision of a sit/stand option at will into the RFC it is clear that Plaintiff carried his burden at Step Four showing that he could not do his past work. . . . Remand is therefore warranted to clarify the sit/stand option in the RFC and proceed to Step Five if warranted.

(Pl.'s Reply Br. 7–8) (internal record citation omitted).

Here, the Court agrees with Defendant that the ALJ reached his decision at step four of the sequential analysis, which Plaintiff concedes in his reply brief. The Court, nevertheless, finds that the ALJ's analysis at step four was not sufficient for the Court to find that the ALJ's decision was

7

supported by substantial evidence. During the hearing, the ALJ posed several hypothetical questions to the VE, including:

> [T]he first hypothetical is at the sedentary exertional level with the following limitations[:] never climb ropes, ladders or scaffolds, never be exposed to unprotected heights or hazardous machinery, occasionally climb stairs and ramps, never crawl, occasionally kneel, occasionally stoop and crouch, frequent fingering and handling, frequently balance, can sit for up to six hours in an eight-hour workday with the option to stand or change position, can stand and/or walk for two hours in an eight-hour workday. Under that exertional level and those limitations, would the Claimant be able to do any of his past work?

(AR 69–70.) The VE responded that the hypothetical individual would not be able to perform Plaintiff's past work as a financial services advisor because the job is more than sedentary and would not be able to perform the sedentary job as a billing collections representative because the position requires constant fingering as opposed to frequent fingering. (*Id.* at 70.)

The ALJ then posed a hypothetical without a fingering restriction, followed by a hypothetical with a limitation of simple and routine tasks, and a hypothetical with additional limitations of off task fifteen percent or more of the workday or absent from work three or more days per month. (*Id.* at 70–71.)

Plaintiff's counsel subsequently engaged in the following colloquy with the VE:

Q. If we go to the Judge's first hypothetical and we change the - - it is sitting six out of eight [hours] with standing or changing position option, but that stand or change is required every [thirty] minutes. Would that kind of alteration in position allow the person to do the job of billing, the billing position if the fingering was at frequent? Let's assume the fingering is frequent. The only change in the hypo I'm making is the sit/stand is every [thirty] minutes.

A. But with the fingering being frequent, I said that he could not do that job.

Q. . . . Let's assume it's constant.

. . .

8

> A. So if someone's going to have to change positions every [thirty] minutes, that's too often to be able to stay on task, so no. The job would no longer exist.

(*Id.* at 72.)

Here, the Court cannot reasonably determine from the ALJ's analysis that Plaintiff's past relevant work is consistent with an at-will sit/stand option. In the decision, the ALJ summarized Plaintiff's hearing testimony, which included Plaintiff's testimony "that he could stand for [thirty] minutes, sit for [thirty] minutes[,] walk a block, and lift a gallon of orange juice." (*Id.* at 28.) The ALJ also summarized various medical records, which included Plaintiff's report "that his back pain increases with standing and walking as well as sitting [f]or a longer period and that the pain radiates into his buttocks." (*Id.* at 29.) In addition, the ALJ stated:

> When asked whether such a hypothetical individual could perform the claimant's past work, the [VE] answered that the hypothetical individual would be able to perform the past work as both actually performed and generally performed in the national economy. Based on the [VE's] response and the record as a whole, and in comparing the claimant's [RFC] with the physical and mental demands of this work, I find that the demands of the claimant's past relevant work do not exceed the claimant's [RFC].

(*Id.* at 31.) The ALJ, however, did not discuss the VE's testimony on cross examination.

Plaintiff's RFC in the present case includes that Plaintiff "can sit for up to six hours in an eight-hour work day, with the option to stand or change position[.]" (*Id.* at 27.) Based upon the VE's testimony that Plaintiff's past relevant work as a billing collections representative would not exist if someone would have to change positions every thirty minutes, Defendant's concession that the RFC assessment reasonably implies an at will option to stand or change position, and in light of the specific record and the ALJ's analysis in the decision at issue, the Court cannot find that the ALJ's decision was supported by substantial evidence.

Notably, access to the Commissioner's reasoning is essential to meaningful Court review:

> [U]nless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative [testimony], to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (internal quotation marks omitted). Based upon the above, the Court finds that remand is required.

## IV. CONCLUSION

For the foregoing reasons, the Court remands for further analysis. An Order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** February 26, 2021